**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JULIANO MUNIZ-RUIZ | : | |
| | : | |
| Appellant | : | No. 800 MDA 2020 |

Appeal from the PCRA Order Entered May 27, 2020
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0001765-2018

BEFORE:  BENDER, P.J.E., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY NICHOLS, J.:          **FILED: FEBRUARY 9, 2021**

Appellant Juliano Muniz-Ruiz appeals from the order denying his Post Conviction Relief Act[1] (PCRA) petition following a hearing.  Appellant claims that his trial counsel was ineffective for (1) failing to consult with him regarding a direct appeal and (2) failing file a post-sentence motion *nunc pro tunc*.  We are constrained to conclude that Appellant's claims are waived and affirm the PCRA court's order.

The procedural history of this appeal is as follows.  On December 7, 2018, Appellant entered open guilty pleas to criminal attempt to criminal homicide and strangulation.[2]  On April 5, 2019, the trial court sentenced to twenty to forty years' imprisonment to be followed by ten years' probation.

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§ 901(a), 2501(a), 2718(a).

Appellant's trial counsel, Eric Keith Dowdle, Esq., represented Appellant at the guilty plea and sentencing, but did not file a post-sentence motion or a timely direct appeal.

Appellant timely filed a *pro se* notice of appeal.[3] This Court permitted trial counsel to withdraw, and present counsel entered an appearance on Appellant's behalf. Appellant discontinued his direct appeal on September 23, 2019.

Appellant timely filed a *pro se* PCRA petition on October 3, 2019, and the PCRA court appointed present counsel. Present counsel initially filed a no-merit letter and an application to withdraw. On April 30, 2020, however, present counsel filed the PCRA petition giving rise to this appeal. Therein, Appellant asserted that trial counsel was ineffective for "failing to file a post-sentence motion, thereby waiving all potential sentencing issues for direct appeal." Am. PCRA Pet., 4/30/20, at ¶ 7.

---

[3] We note that Appellant filed two *pro se* notices of appeal from the judgment of sentence. The clerk of the trial court docketed Appellant's notices on May 6 and May 9, 2019, and this Court docketed the appeals at 765 and 766 MDA 2019, respectively. Attached to Appellant's first notice of appeal in 765 MDA 2019 is an envelope stamped Department of Corrections and bearing a postage date of May 1, 2019. Therefore, Appellant's notice of appeal in 765 MDA 2019 was timely filed and perfected his right to a direct appeal. ***See Commonwealth v. Jones***, 700 A.2d 423, 426 (Pa. 1997) (discussing the "prisoner mailbox rule"); ***Commonwealth v. Williams***, 151 A.3d 621, 624 (Pa. Super. 2016) (holding that this Court must docket a *pro se* notice of appeal even if the appellant is represented by counsel).

The PCRA court held a hearing on May 14, 2020, at which trial counsel, Appellant's mother, and Appellant testified. On May 27, 2020, the PCRA court entered the order denying Appellant's petition.

Appellant timely appealed and complied with the PCRA court's order to file and serve a Pa.R.A.P. 1925(b) statement. In his Rule 1925(b) statement, Appellant claimed: "The [PCRA] court erred in denying Appellant's petition for Post-Conviction Relief [because] Appellant did show that he requested a Post-Sentence Motion in a reasonable amount of time and that [trial counsel] failed to file such motion." Rule 1925(b) Statement, 6/2/20. The PCRA court filed an opinion concluding, in part, that trial counsel "was not ineffective for failing to file a post sentence motion as it was not requested in a timely manner." PCRA Ct. Op., 6/12/20, at 4.

Appellant presents the following issues for review:

[1]. Whether the PCRA court erred in denying Appellant's petition for post-conviction relief by finding that Appellant's trial[] counsel did not render ineffective assistance where the record showed that [trial] counsel failed to file an appeal involving a non-frivolous issue, where he should have known Appellant would want to appeal and would have known had he adequately consulted Appellant.

[2]. Whether the PCRA court erred in denying Appellant's petition for post-conviction relief by finding that Appellant's trial[] counsel did not render ineffective assistance where Appellant, through his mother, expressly requested an appeal only twenty-six days after the sentencing hearing, and counsel could and should have filed a post-sentence motion *nunc pro tunc* which would likely have been accepted by the [trial] court under the circumstances.

Appellant's Brief at 4.

Appellant first claims that trial counsel was ineffective for failing to consult him regarding a direct appeal. *Id.* at 13-22 (discussing, in relevant part, *Roe v. Flores-Ortega*, 528 U.S. 470 (2000)). The Commonwealth responds that Appellant waived this claim by failing to preserve it in his amended PCRA petition. Commonwealth's Brief at 6-7.

Our standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa. Super. 2011) (citation omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply *a de novo* standard of review to the PCRA court's legal conclusions." *Commonwealth v. Mitchell*, 105 A.3d 1257, 1265 (Pa. 2014) (citation omitted).

It is well settled that "issues, even those of constitutional dimension, are waived if not raised in the trial court. A new and different theory of relief may not be successfully advanced for the first time on appeal." *Commonwealth v. Santiago*, 980 A.2d 659, 666 n.6 (Pa. Super. 2009) (citations omitted and some formatting altered); *see also* Pa.R.A.P 302(a) (stating that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal").

Following our review, we agree with the Commonwealth that Appellant has waived his issue for review. Appellant's amended PCRA petition only alleged that trial counsel was ineffective for failing to file post-sentence

motions. **See** Am. PCRA Pet. at ¶ 7. At the PCRA hearing, Appellant referred to his desire to appeal the judgment of sentence in his testimony, and Appellant's present counsel argued that trial counsel had a duty to consult with Appellant. **See** N.T., 5/14/20, at 12-13, 33. However, Appellant did not seek leave to amend his petition to preserve the claim that trial counsel violated a constitutional duty to consult Appellant concerning a direct appeal. **See** Pa.R.Crim.P. 905(A) (noting that a PCRA court "may grant leave to amend or withdraw a petition for post-conviction collateral relief at any time" and that "[a]mendment shall be freely allowed to achieve substantial justice"); **Commonwealth v. Mason**, 130 A.3d 601, 627 (Pa. 2015). Therefore, we agree with the Commonwealth that Appellant failed to preserve this claim before the PCRA court. **See** Pa.R.A.P. 302(a); **Santiago**, 980 A.2d at 666 n.6.

We add that Appellant's Rule 1925(b) statement only identified a single error with respect to the PCRA court's ruling concerning trial counsel's failure to file a post-sentence motion. Appellant's statement of errors complained of on this appeal did not fairly suggest any claim that trial counsel was ineffective for not consulting with Appellant concerning his appellate rights. **See** Rule 1925(b) Statement. Accordingly, Appellant also waived this issue under Pa.R.A.P. 1925(b)(4)(vii). **See** Pa.R.A.P. 1925(b)(4)(vii) (stating that "[i]ssues not included in the Statement . . . are waived"); **see also Commonwealth v. Phillips**, 141 A.3d 512, 522 (Pa. Super. 2016).

In his second claim, Appellant argues that trial counsel was ineffective for failing to file a post-sentence motion *nunc pro tunc*. Appellant's Brief at 23. Appellant asserts that his mother contacted trial counsel on May 1, 2019, sixteen days after sentencing, but within thirty days of the judgment of sentence. *Id.* at 24. Appellant claims that

> all [trial counsel] had to do at this point to revive Appellant's right to appeal was to file a post-sentence motion *nunc pro tunc*, which exists for the very purpose of rectifying excusable or de minim[i]s tardiness in filing post-sentence motions; and such motions are routinely countenanced by courts at their equitable discretion.

*Id.*

Appellant continues that there would have been sufficient reason for the trial court to grant *nunc pro tunc* relief based on Appellant's incarceration and his mental health conditions, including Asperger's syndrome. *Id.* at 24-25. According to Appellant, these conditions led to "misunderstandings, miscommunications[,] and non-communication" between Appellant and trial counsel, such that Appellant's mother "usually served as the main medium of communication between them, naturally causing delays in correspondence." *Id.* at 25. Appellant asserts that the standard for granting *nunc pro tunc* relief is "very low" such that "various obstacles to communication would surely have satisfied it." *Id.*

The Commonwealth responds that Appellant did not prove trial counsel's ineffectiveness with respect to the filing of post-sentence motions. Commonwealth's Brief at 9. The Commonwealth emphasizes that the PCRA

court made credibility determinations rejecting Appellant's and his mother's testimony and accepting trial counsel's testimony, all of which were supported by the record. *Id.* at 9-10. Emphasizing the PCRA court's finding that Appellant's mother did not contact trial counsel until after the time for timely filing post-sentence motions ended, the Commonwealth concludes Appellant's claim merits no relief. *Id.* at 11.

Similar to his first claim, Appellant raises a new theory of relief on appeal. *See Commonwealth v. Moore*, 978 A.2d 988, 991 (Pa. Super. 2009) (noting that a request for *nunc pro tunc* relief is distinct from an order resolving the merits of a post-sentence motion); *Commonwealth v. Dreves*, 839 A.2d 1122, 1128 (Pa. Super. 2003) (*en banc*). Specifically, at the PCRA hearing, Appellant presented evidence that he timely requested that trial counsel file a post-sentence motion. *See* N.T. PCRA Hr'g, 5/14/20, at 6 (indicating that Appellant's mother testified that she contacted trial counsel the week after Appellant was sentenced to appeal), 11 (indicating that Appellant testified that on April 9, 2018, he asked his mother to call trial counsel), 34 (indicating that Appellant's present counsel argued that the evidence showed that Appellant communicated his desire to appeal in a timely manner). In this appeal, Appellant focuses on trial counsel's ineffectiveness for not seeking *nunc pro tunc* relief. Therefore, we must conclude that Appellant did not preserve his appellate issue because he failed to raise it before the PCRA court. *See* Pa.R.A.P. 302(a); *Santiago*, 980 A.2d at 666 n.6.

For these reasons, Appellant failed to preserve his appellate claims. Accordingly, we affirm the PCRA court's order.[4]

Order affirmed.

Judgment Entered.

*Joseph D. Seletyn*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/09/2021

---

[4] However, we note that we would find no legal error in the PCRA court's denial of Appellant's claim that trial counsel was ineffective for failing to file a timely post-sentence motion. Specifically, the record supports the PCRA court's findings that Appellant was aware of his post-sentence and appellate rights and did not timely request trial counsel to preserve a challenge to discretionary aspects of the sentence. *See Commonwealth v. Ousley*, 21 A.3d at 1242.